JAMES CANWELL *vs.* INHABITANTS OF CANTON.

*Soldier no claim to money paid his town by the State.*

The plaintiff, an inhabitant of the town of Sumner, while in the field, on the eighteenth day of March, 1864, re-enlisted in the service of the United States, receiving at the time a bounty of $300, under the act of 1864, c. 227. The defendant town at a town meeting held November 16, 1864, voted to give a bounty of $300 to volunteers to fill their quota under the call of the president of the United States of October 17, 1863. In pursuance of this vote the selectmen of the defendant town agreed with the plaintiff to pay him this bounty, if he would procure or allow his name to be stricken from the credits of Sumner and added to the credit of the defendant town; which was done: *held*, that the plaintiff could not recover the bounty because (1) it would be in direct contravention of the provision of the act of 1864, c. 227, under which he had enlisted and received his bounty from the State, which prohibited the town paying any sum in addition to the bounty received under its provisions; and (2) because such agreement was without consideration.

*Held*, further, that the plaintiff was not entitled to recover the sum of $100 received by the defendant town from the State under the act of 1868, c. 225, for the equalization of bounties, on account of the plaintiff's name being among the names credited to them.

*Held*, also, that he had no claim under the act of 1868, c. 225, because he had already received the bounty which was the inducement for, and the consideration of, his enlistment.

ON REPORT.

The opinion contains a statement of all the facts necessary for an understanding of the case.

Canwell v. Canton.

*George D. Bisbee*, for the plaintiff.

*E. G. Harlow* and *J. P. Swasey*, for the defendants.

APPLETON, C. J.   The plaintiff, a resident of Sumner, enlisted in 1862 in the First Maine Cavalry Regiment.   Although a resident of Sumner, he was through some mistake enrolled as of Canton.   While in the field, he re-enlisted, March 18, 1864, and served to the close of the war of the rebellion.

The plaintiff, as the case finds, in September, 1864, first learned, while at home on a furlough, that he had been enrolled as a resident of Canton.   The town of Sumner was paying at that time two hundred dollars as a bounty for soldiers to fill their quota, and offered to pay him that sum, as a bounty, if he would have the enrolment of his name so changed that he could be counted on their quota, claiming at the same time that he should be enrolled as of that town.   The plaintiff went to Augusta for the purpose of having this change made.   The adjutant general notified the town of Canton to appear and show cause, why this change should not be made.   Thereupon J. D. Hodge, one of the selectmen of Canton, went to the plaintiff and agreed with him that if he would let his name remain to the credit of Canton, and in consideration of his agreement to do so, promised that the town of Canton should pay him a bounty of three hundred dollars which the town was then paying to soldiers enlisted upon their quota.   This agreement was approved by the other selectmen.

The plaintiff performed his part of the agreement.   His name remained on the roll as a resident of Canton, and was returned by the commissioners for equalizing bounties, and was counted in making up the number for which that town was reimbursed.

At a legal meeting of the inhabitants of Canton, held on the sixteenth day of November, 1863, the second article in the warrant was in these words; "Art. 2.   To see what sum of money, if any, the town will vote to pay as a bounty to volunteers to fill the quota of said town under the call of the president of the

United States, dated October 17, 1863, for 300,000 men." Upon this article the town,

"*Voted.* That three hundred dollars be paid by the selectmen to each volunteer mustered into the service of the United States under the call mentioned in this article."

In addition to the bounty of $400, given by the United States upon his re-enlistment, the plaintiff has received the further bounty of $300 from the State of Maine.

The plaintiff's re-enlistment, March 18, 1864, was under the president's call of October 17, 1863, and of February 1, 1864. Is he entitled to recover the bounty offered by the town of Canton by their vote of November 16, 1863?

Towns are not bound to furnish soldiers for the government of the United States as a part of their general municipal duties. Their liability arises only by virtue of some contract specially authorized by precedent, or ratified by subsequent, legislation.

By an act approved February 20, 1864, c. 227, it is provided, by § 1, that, "there shall be paid from the treasury of the State to each person who shall enlist and be mustered into the service of the United States on the quota of this State, a bounty of three hundred dollars, subject" to certain limitations therein expressed.

By § 3, "No person shall be entitled to receive from this State, or any town in it, any sum in addition to the bounty provided for in this act."

By § 4, "Any sum paid as bounty from any source, except from the United States, shall be deducted from the amount to be paid from the State treasury."

The plaintiff's enlistment was subsequent to and under the provisions of the act referred to, for he declares in the receipt for the State bounty that he has "received no bounties or sums of money from any town on account of enlistment on its quota, which have not been considered and deducted upon this payment." Should any such payment be found to have been made, he orders the United States paymaster, or disbursing officer, to deduct from his wages or dues the amounts so paid, and not then accounted for, and

Canwell *v.* Canton.

to pay the same to the order of the State treasurer or paymaster of Maine.

It is obvious, both by the receipt of the plaintiff and the provisions of the statute, that if the town bounty voted by Canton had been paid at the time of the enlistment, the plaintiff would not have been entitled to the State bounty—they being of equal amount. The third section prohibits any greater bounty than three hundred dollars to be received "from the State or any town in it."

It matters not whether the bounty of the town is paid before the payment of the State bounty, or its payment is attempted to be enforced after such payment. If before, the town bounty is "to be deducted from the amount to be paid from the State treasury;" if after such payment, as the enforcement of any further payment would be in direct contravention of the statute, the statute must be deemed a sufficient answer to any such claim, otherwise a party would receive a "sum in addition to the bounty provided for" by the State.

The plaintiff, notwithstanding the statute, claims that he is entitled to recover by virtue of his agreement with the selectmen of Canton in the September subsequent to his enlistment.

As the agreement was made long after the plaintiff's enlistment, was one of the selectmen authorized to make it, and was it based upon any legal consideration?

The quota of Canton had been filled in September, and the selectmen were authorized only to fill the quota. The contract made was in plain violation of the spirit and meaning of the statute, acts of 1864, c. 227. The plaintiff was only entitled to his three hundred dollars, and that he had received. To enforce this contract would be to give him a bounty which the town was prohibited from paying.

Further, the plaintiff was an inhabitant of Sumner. That town was legally and equitably entitled to have his name borne upon its quota. The town of Canton was not so entitled. The alleged consideration of the contract was that the plaintiff should acqui-

esce in a mistake, and permit a town not entitled to have his name borne on their quota to have it so borne, and to deprive the town which should of right have had the benefit of his name, of such benefit.

The contract of the parties as stated is not authorized by the vote of the town, is not sanctioned or ratified by any of the acts relied upon, and is in direct contravention of the law as existing at the time it was made, and cannot be enforced.

But as the defendant town has received one hundred dollars under the act for the equalization of bounties, approved March 7, 1868, c. 225, on account of his services and because his name was on the quota of their town, he insists that, at any rate, he is entitled to recover that sum. But we think not.

The plaintiff has already received all to which he is legally or equitably entitled. If the town of Canton has received money which does not belong to it, that fact does not add to the plaintiff's right. If the money obtained through mistake is not the defendants', it belongs to the State as money paid through mistake, or to the town of Sumner, of which this plaintiff was a resident.

Nor has the plaintiff any claim under the act approved March 7, 1868, c. 225, as he has already received the bounties which were the inducement for and the consideration of his enlistment.

*Plaintiff nonsuit.*

CUTTING, WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.